UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**EDWARD THEODORE RILEY, II, ET AL.,**

Plaintiffs,

v. **No. 4:26-cv-00670-P**

**PRESTIGE DEFAULT SERVICES, LLC, ET AL.,**

Defendants.

## ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

On August 21, 2026, the United States Magistrate Judge issued Findings, Conclusions, and a Recommendation ("FCR") in this case. ECF No. 14. The Magistrate Judge recommended dismissal of this case with prejudice due to Plaintiffs' failure to comply with the Court's orders in this case and several similar cases. ECF No. 14. Specifically, Plaintiff Riley did not comply with the Court's August 3, 2026 orders to obtain counsel or proceed pro se and file an amended complaint by August 17, 2026, and Plaintiff Milhouse did not comply with the Court's order to show cause by August 17, 2026 as to why he should not be sanctioned for repeatedly attempting to practice law without a license. ECF No. 13. Plaintiff Riley filed an objection to the FCR on September 1, 2026.[1] ECF No. 15. Plaintiff Milhouse did not file an objection.

The Court has conducted a *de novo* review of the following:

1. The pleadings and record;
2. The FCR of the United States Magistrate Judge (ECF No. 14);
3. Plaintiff Riley's written objections to the FCR (ECF No. 15); and

[1] Plaintiff's "objection" is styled as a Motion for Leave to File an Amended Complaint Out of Time. ECF No. 15.

4. The applicable law.

The Court, having conducted a *de novo* of the FCR in accordance with 28 U.S.C. § 636(b)(1), concludes that the findings and conclusions of the Magistrate Judge are correct, and adopts them as the findings and conclusions of the Court.

Plaintiff's objections are contradicted by the record. Plaintiff states that he "timely notified the Court of his intention to proceed pro se and to replead, and he diligently undertook the steps the Court's Local Rules require in order to file." ECF No. 15 at 2. It was not until September 1, 2026–after the August 17 deadline–that Plaintiff informed the Court through his objections that he intended to proceed pro se, and requested, for the first time, to replead. Nor did Plaintiff file an amended complaint.[2] Plaintiff's excuses for failing to comply with the Court's August 3 order hold no merit.[3] Pro se plaintiffs are not given leave to ignore reasonable court rules and procedures. *See United States v. Jenkins*, 780 F.2d 518, 520 (5th Cir. 1986); *Elmore v. McCammon*, 640 F. Supp. 905, 910 (S.D. Tex. 1986) ("The right of self-representation is not a license to abuse the dignity of the courtroom. Neither is it a license not to comply with relevant rules of procedural and substantive law.") (quotation omitted).

Accordingly, it is **ORDERED** that Plaintiff's objection is **OVERRULED**, and the findings, conclusions, and recommendation of

---

[2] Despite Plaintiff's assertion that he tendered an amended complaint with his objections, ECF No. 15 at 1, a review of the record reveals no amended complaint.

[3] Notwithstanding Plaintiff's questionable contention that his registration to become an electronic user was pending with the Court, Plaintiff could have filed documents through the clerk's office if he was unable to file them electronically. While Plaintiff states that his "documented disabilities" prevented him from complying with the Court's order, he offers little to no support for this assertion. Even so, Plaintiff chose to proceed without counsel. *See Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981) ("One who proceeds pro se with full knowledge and understanding of the risks involved acquires no greater rights than a litigant represented by a lawyer . . . unless a liberal construction of properly filed pleadings be considered an enhanced right . . . Rather, such a litigant acquiesces in and subjects himself to the established rules of practice and procedure.") (citations omitted). Lastly, having to appear at an eviction trial on August 18, 2026–the day after the deadline to comply with the Court's orders expired–is not justification for why Plaintiff could not have complied with the Court's orders during the two weeks prior.

the Magistrate Judge are **ADOPTED**. This case is **DISMISSED with prejudice**. All pending motions are **DENIED** as **MOOT**.

**SO ORDERED** on this **17th day of September 2026.**

Mark T. Pittman
UNITED STATES DISTRICT JUDGE